Filed 10/30/13  Closet Patient Care v. City of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE CLOSET PATIENT CARE, | |
| Plaintiff, Cross-defendant, and Respondent, | E057240 |
| v. | (Super.Ct.No. RIC1112539) |
| CITY OF RIVERSIDE, | O P I N I O N |
| Defendant, Cross-complainant, and Appellant; | |
| WILLIAM DAWSON et al., | |
| Cross-defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge.

Reversed.

Best Best & Krieger, Jeffrey V. Dunn, Lee Ann Meyer; Gregory P. Priamos, City

Attorney, and James E. Brown and Neil Okazaki, Deputy City Attorneys for Defendant,

Cross-complainant, and Appellant.

1

No appearance for Plaintiff, Cross-defendant, and Respondent.

No appearance for Cross-defendants and Respondents.

## I.  INTRODUCTION

In August 2012, the trial court dissolved a preliminary injunction prohibiting The Closet Patient Care (CPC) and other cross-defendants from using certain property in the City of Riverside (the City) as a medical marijuana dispensary.  In dissolving the preliminary injunction, the trial court primarily relied on the reasoning of the then-recently published decision of *County of Los Angeles v. Alternative Medicinal Cannabis Collective* (2012) 207 Cal.App.4th 601, review granted September 19, 2012, S204663 (*Alternative Medicinal*).  In *Alternative Medicinal,* filed on July 2, 2012, but no longer considered published when the state Supreme Court subsequently granted review (Cal Rules of Court, rule 8.1105(e)(1)),[1] Division One of the Second District Court of Appeal concluded that state law "authorized and shielded" marijuana cooperatives, collectives, and dispensaries from local governmental blanket or per se bans, and associated nuisance abatement actions.  (*Alternative Medicinal, supra,* at pp. 612-614.)

We granted the City's petition for a writ of supersedeas pending our resolution of the City's appeal from the order.[2]  The City has filed an opening brief, but none of the cross-defendants subject to the preliminary injunction and the order dissolving the

---

[1]  All further references to rules are to the California Rules of Court.

[2]  The City requests that we take judicial notice of various portions of the Riverside Municipal Code (RMC) and court records.  (Evid. Code, §§ 452, subds. (b), (d), 459, subd (a).)  The request is unopposed and we grant it in its entirety.

2

preliminary injunction have filed respondents' briefs. We therefore decide the appeal based on the record, the City's opening brief, and any oral argument by the City (rule 8.220(a)(2)) and conclude that the preliminary injunction was erroneously dissolved.

On May 6, 2013, after the City filed its opening brief on this appeal, the California Supreme Court decided *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland Empire II*). Contrary to the reasoning of *Alternative Medicinal*, the court in *Inland Empire II* concluded that nothing in the Compassionate Use Act of 1996 (CUA) (Health & Saf. Code, § 11362.5) or the Medical Marijuana Program (MMP) (Health & Saf. Code, § 11362.7 et seq.) expressly or impliedly limits or preempts local governmental bans or nuisance abatement actions against medical marijuana dispensaries. (*Inland Empire II, supra,* at pp. 738, 752-760.)

As we explain, *Inland Empire II* resolved an extant conflict in the state appellate courts concerning whether the CUA and MMP limit or preempt local governmental blanket or per se bans on medical marijuana dispensaries. The result here is that the City's zoning ordinances banning medical marijuana dispensaries and declaring them public nuisances within the City's boundaries (RMC, §§ 1.01.110E, 6.15.020Q., 19.150.020 & table 19.150.020A) are not and *never have been* preempted or limited by the CUA or the MMP. (*Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978-986 [judicial decisions apply retroactively absent a compelling reason for their prospective application].) We therefore reverse the dissolution order.

3

## II. BACKGROUND

In July 2011, CPC filed a verified complaint for declaratory and injunctive relief against the City. Among other relief, CPC sought a judicial declaration that a City ordinance prohibiting persons from operating a medical marijuana dispensary anywhere within the City violated state law. The City answered the complaint and cross-complained against CPC, Aztec Financial Management, Inc. (Aztec), Nicholas Figari, and William Dawson. Among other relief, the City sought a preliminary and permanent injunction barring cross-defendants from using any premises located anywhere within the City as a marijuana distribution facility.

On January 18, 2012, the trial court issued an order granting the City's motion for a preliminary injunction prohibiting CPC, Aztec, Figari, and Dawson from using or allowing others to use the property located at 3752 Elizabeth Street in Riverside "to distribute marijuana." CPC had been operating a medical marijuana dispensary at the property since April 2011. Aztec owned the property and was leasing it to CPC. Figari and Dawson were involved in operating the dispensary.

In July 2012, CPC and Aztec filed a noticed motion to dissolve the preliminary injunction on the ground the law had changed and the ends of justice would be served. (Code Civ. Proc., § 533.)[3] CPC and Aztec argued that the injunction had been granted based on this court's November 9, 2011, decision in *City of Riverside v. Inland Empire*

---

[3] All further statutory references are to the Code of Civil procedure unless otherwise indicated.

4

*Patient's Health and Wellness Center, Inc.* (2011) 200 Cal.App.4th 885 (*Inland Empire I*), in which this court concluded that neither the CUA nor the MMP limited or preempted the City of Riverside from banning medical marijuana dispensaries. (*Id.* at p. 898.) But on January 18, 2012, the same day the trial court signed the order granting the preliminary injunction, the state Supreme Court granted review of *Inland Empire I* (S198638). Thus, in their motion to dissolve the preliminary injunction, CPC and Aztec argued that *Inland Empire I* was no longer published and could not be cited or relied upon in the present action. (Rules 8.1105(e)(1), 8.1115(a).)

CPC and Aztec urged the trial court to follow the then-recently published decision in *Alternative Medicinal, supra,* 207 Cal.App.4th at pages 612-614. As indicated, the *Alternative Medicinal* court concluded, contrary to *Inland Empire I*, that the CUA and the MMP "authorized" and "shielded" medical marijuana dispensaries, including collectives and cooperatives, from "blanket" or per se bans by local governments. (*Alternative Medicinal, supra,* at pp. 612-614.) *Alternative Medicinal* thus concluded that local governmental blanket or per se bans on medical marijuana dispensaries conflicted with and were therefore preempted by CUA and the MMP. (*Id.* at p. 606.)

The hearing on the noticed dissolution motion was held on August 22, 2012. Relying in part on the reasoning of *Alternative Medicinal*, the trial court agreed with CPC and Aztec that the City's per se ban on medical marijuana dispensaries conflicted with, and was therefore preempted by, the CUA and the MMP. At the outset of the hearing, the court noted it was tentatively concluding that there had been "a change in the law"

5

and the ends of justice would be served by dissolving the preliminary injunction. (§ 533.)

The court clarified it was relying in part, but not exclusively, on the reasoning of

*Alternative Medicinal*.

Following arguments of counsel, the court said: "I do not necessarily think that

. . . the intent of the electorate or legislature was to authorize the retail sale of marijuana

in storefront dispensaries. Unfortunately, I also don't think that the outright ban of—the

per se ban of those dispensaries is appropriate . . . ." The court concluded that the City's

per se or blanket ban on medical marijuana dispensaries violated the CUA and the MMP

and dissolved the preliminary injunction. The court signed the order dissolving the

preliminary injunction on October 30, 2012.[4]

The City appealed and filed its opening brief in January 2013. As noted, none of

the parties subject to the preliminary injunction and dissolution order, namely, CPC,

Aztec, Figari, or Dawson, have filed a respondent's brief. On May 6, 2013, while the

present appeal was pending, the California Supreme Court issued *Inland Empire II*,

affirming this court's decision in *Inland Empire I*, agreeing with its reasoning, and

rejecting the contrary reasoning of *Alternative Medicinal*. (*Inland Empire II, supra,* 56

Cal.4th at pp. 738, 752-760 [neither the CUA nor the MMP expressly or impliedly limit

or preempt local governmental bans on medical marijuana dispensaries].)

---

[4] At the August 22, 2012, hearing, the trial court directed the moving parties, CPC and Aztec, to prepare the dissolution order. In October 2012, the City wrote a letter to the court representing that James De Aguilera, the attorney who represented CPC and Aztec in the dissolution motion, had been suspended by the California State Bar, and for this reason the City prepared and submitted the dissolution order.

6

III.  DISCUSSION

As pertinent, section 533 authorizes the trial court to dissolve an injunction if "'the law upon which the injunction . . . was granted has changed . . . .'"  (See *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1504.)  We review an order dissolving an injunction for an abuse of discretion.  (*Salazar v. Eastin* (1995) 9 Cal.4th 836, 849-850.)  The City claims the trial court abused its discretion in dissolving the injunction because there was no change in the law.  We agree.

There was no change in the law upon which the order granting the preliminary injunction was based—either at the time of the August 22, 2012, hearing on the motion or when the order dissolving the injunction was signed on October 30, 2012.  (§ 533.)  To be sure, as of August 22, 2012, the extant case law was in conflict on whether the CUA and MMP preempted local governmental blanket or per se bans on medical marijuana dispensaries.  *Alternative Medicinal* supported the trial court's view that the CUA and MMP preempted such blanket or per se bans.

But other extant appellate court case law favored the contrary view articulated in *Inland Empire I.*  (See, e.g., *City of Corona v. Naulls* (2008) 166 Cal.App.4th 418, 433 [Fourth Dist., Div. Two] [substantial evidence supported trial court's finding that medical marijuana dispensary was not a permitted use and was therefore a nuisance per se, subject to abatement under city municipal code]; *City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1165-1166 [same], 1172-1176 [CUA and MMP neither expressly nor impliedly preempted local moratorium on medical marijuana dispensaries or compelled

7

establishment of local regulations to accommodate them].)  In addition, existing California Supreme Court precedent narrowly construed the CUA and the MMP.  (*Ross v. RagingWire Telecommunications, Inc.* (2008) 42 Cal.4th 920, 928-931 [CUA does not protect medical marijuana user from being discharged from employment after testing positive for marijuana in employment-related drug test]; *People v. Mentch* (2008) 45 Cal.4th 274, 290-292 [narrowly construing scope of immunity from criminal prosecution under MMP].)

In any event, the state Supreme Court ultimately put the CUA/MMP preemption issue to rest in *Inland Empire II*.  In affirming this court's decision in *Inland Empire I*, the court concluded that neither the CUA nor the MMP preempt or limit local governmental blanket or per se bans on medical marijuana dispensaries.  (*Inland Empire II, supra,* 56 Cal.4th at pp. 738, 752-760.)  Furthermore, *Inland Empire II* applies retroactively; it represents the law as it was at the time the preliminary injunction and the dissolution order were issued in the present case.  (*Newman v. Emerson Radio Corp., supra,* 48 Cal.3d at pp. 978-986 [judicial decisions apply retroactively absent a compelling reason for their prospective application].)  In sum, given the state Supreme Court's decision in *Inland Empire II*, there was no change in the law authorizing the trial court to dissolve the preliminary injunction.  (§ 533.)

## IV.  DISPOSITION

The October 30, 2012, order dissolving the January 18, 2012, order granting the City's motion for a preliminary injunction is reversed.  The matter is remanded to the trial

8

court with directions to reinstate the order granting the preliminary injunction.  The City

shall recover its costs on appeal.  (Rule 8.278(a)(1), (2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


KING
                      Acting P. J.


We concur:

MILLER
             J.

CODRINGTON
             J.

9